UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHERRY LYNN COLE,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC CORP. d/b/a ROCKY MOUNTAIN POWER and IDAHO PUBLIC UTILITIES COMMISSION,<br><br>    Defendants. | Case No. 4:25-cv-00226-AKB<br><br>**INTIAL REVIEW ORDER BY SCREENING JUDGE** |

## I.    INTRODUCTION

Before the Court is Pro Se Plaintiff Sherry Lynn Cole's Application for Leave to Proceed in Forma Pauperis (Dkt. 1), Plaintiff's Complaint (Dkt. 2) and Amended Complaint (Dkt. 5), Motion for Jury Trial (Dkt. 3), Motion re: Judge Reassignment (Dkt. 6), Motion for Temporary Restraining Order (Dkt. 7), and Motion re: E-Filing Privileges (Dkt. 8). Pursuant to 28 U.S.C. § 1915, the Court must review Cole's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *See, e.g.*, *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (observing courts have discretion to impose partial filing fees under in forma pauperis statute). For the reasons explained below, the Court will grant Cole's Motion to Proceed in Forma Pauperis but dismiss Cole's Amended Complaint with leave to amend. Additionally, the Court denies Cole's request to e-file and her remaining motions as moot.

## II.    APPLICATION TO PROCEED INFORMA PAUPERIS

The federal in forma pauperis statute, 28 U.S.C. § 1915(a), allows indigent litigants access to the federal courts without having to pay the filing fee if they list their income, their assets, and

**INITIAL REVIEW ORDER - 1**

provide a statement that they are "unable to pay such fees or give security therefor." The purpose of this statute is to provide indigent litigants "meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a plaintiff applies for in forma pauperis status, the plaintiff need not assert that she is "absolutely destitute," but her affidavit should "state the facts as to [her] poverty with some particularity, definiteness, and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).

In this case, Cole has successfully established her indigency. Cole asserts she is unemployed, disabled, and her only source of income is $967 in monthly disability payments (Dkt. 1 at 2).[1] Cole's assets include $3 cash, $76.14 in her savings account, $4.57 in her checking account, and a trailer valued at $2000 (*id.* at 3). Cole asserts her monthly expenses total $882, including $277 for her trailer in which she resides; $200 for food; and $300 for utilities (*id.* at 4). Cole expects no changes in her monthly income in the next twelve months (*id.* at 5). Requiring Cole to prepay the Court's filing fee would result in unnecessary hardship and impede Cole's meaningful access to the Courts. Accordingly, the Court sees fit to allow Cole to proceed in forma pauperis.

### III.   SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants seeking in forma pauperis status. 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

---

[1]   Cole reported an average monthly disability income of $11,444 over the past twelve months but then reports she expects only $967 next month. Given this discrepancy, the Court presumes the $11,444 figure represents Cole's total annual income for the past twelve months, not her monthly average.

**INITIAL REVIEW ORDER - 2**

§ 1915(e)(2)(B). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether pro se or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Cole identifies Rocky Mountain Power and the Idaho Public Utilities Commission as defendants and states her case presents a federal question arising under 42 U.S.C. §§ 1983 and 1985 based on alleged violations of her Seventh Amendment right to a jury trial and Fourteenth Amendment right to due process (Dkt. 5 at 3). Cole explains "[t]his should have been a simple mediation as RMP admitted in writing after investigation by them into crossed meters they found and fixed and credited partially for 6 months, then the following month arbitrarily took it back with no notice" (*id* at 4). As for the Idaho Public Utilities Commission, she alleges they "ignored their mandate to remain nuetral [sic] and unbiased and their decisions are in error as my evidence predated and was submitted to them was ignored[,] so they could side with and protect the utility from a valid claim of a private citizen by government agency in partnership with a private public utility" (*id.*). Cole's alleged damages include "legal fees incurred: Copy of record fees, filing fees for the state, postage supplies, travel mileage and the driver's lost wages and care taker for my adult special needs child" (*id.*), and her various other motions all reference "Idaho

**INITIAL REVIEW ORDER - 3**

Supreme Court Docket #51148-2023 final decision 3/19/2025" and "Idaho Public Utilities Commission Tribunal PAC-E-2023-12" (Dkt. 3 at 1; Dkt. 6 at 1; Dkt. 7 at 1; Dkt. 8 at 1).

From what the Court can discern from Cole's allegations, Cole's claims appear to arise from her dissatisfaction with the outcome of litigation in state court involving RMP and the Idaho Public Utilities Commission. A federal district court, however, has no jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). This rule of law is known as the "*Rooker–Feldman* doctrine." The *Rooker-Feldman* doctrine recognizes that "federal district courts lack jurisdiction to exercise appellate review over final state court judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007). The United States Supreme Court is the only federal court with jurisdiction to hear such an appeal. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). This jurisdictional bar applies to direct appeals from state court judgments, de facto appeals from state court judgments, and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Id.* at 1158; *see also Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005).

To the extent Cole essentially seeks relief from a final state court judgment in this case, the *Rooker-Feldman* doctrine applies to prevent her from using the federal court as a de facto appellate court. As the Ninth Circuit explained in *Noel*, Cole's only remaining remedy after proceeding through the state court appellate system is to proceed to the United States Supreme Court. This Court, by contrast, does not appear to have subject-matter jurisdiction to hear Cole's claims. In the event the Court has misconstrued Cole's allegations, it grants her leave to file an amended complaint. *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

**INITIAL REVIEW ORDER - 4**

In the amended complaint, Cole should include the following—organized by defendant—in support of her claims: (1) the facts showing that the defendants were acting under color of state law; (2) the dates of the defendants' allegedly unlawful conduct; (3) the specific conduct Cole believes violated her constitutional rights to a fair trial and due process; (4) the injury or damages Cole personally suffered; and (5) the particular type of relief she is seeking from each defendant. Cole shall have forty-five days to file her second amended complaint. The Court may consider Cole's request for a temporary restraining order only if her amended complaint establishes subject-matter jurisdiction and states a viable claim for relief.

## IV.    MOTION TO E-FILE

Cole has requested permission to file her submissions electronically. Rule 5(d)(3)(B) of the Federal Rules of Civil Procedure allows a person not represented by an attorney to file and sign documents electronically if allowed by court order or local rule. The District of Idaho uses the judiciary's Case Management and Electronic Case Files (CM/ECF) Program. Dist. Idaho Loc. Civ. Rule 5.1(a). Only registered participants may file documents electronically.

While an unrepresented individual may obtain the Court's permission to file her submissions electronically using the CM/ECF system, such authorization is typically denied unless the pro se party makes a showing of good cause or extenuating circumstances justifying such relief. *See, e.g., McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (affirming district court's denial of pro se plaintiff's access to CM/ECF because plaintiff did not show good cause).

Here, Cole asks to file her submissions electronically "to help reduce the costs and for expediency for the adjudication of this case by an [Article III] judge as required in this case (Dkt. 8 at 2). Reducing costs may be a valid basis to allow electronic filing in this case. *See Heit v. Livingston*, No. 2:23-CV-00507-BLW, 2024 WL 1332833, at *1 (D. Idaho Mar. 28, 2024)

**INITIAL REVIEW ORDER - 5**

(granting request to access CM/ECF to reduce cost and delay). At this juncture, however, the Court will deny Cole's request without prejudice. If Cole is able to establish subject-matter jurisdiction and remedy the additional deficiencies in her complaint, the Court will reconsider the request at that time.

## V. ORDER

IT IS ORDERED that:

1. Plaintiff's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is **GRANTED**. Cole may proceed without paying a filing fee.

2. Plaintiff's Complaint (Dkt. 2) and Amended Complaint (Dkt. 5) are **DISMISSED** without prejudice. Cole shall have *forty-five (45) days* to file her Second Amended Complaint in substantial compliance with the Court's above analysis.

3. Plaintiff's Motion for Jury Trial (Dkt. 3) is **DENIED as MOOT**.

4. Plaintiff's Motion re: Judge Reassignment (Dkt. 6) is **DENIED as MOOT**.

5. Plaintiff's Motion for Temporary Restraining Order (Dkt. 7) is **DENIED as MOOT**.

6. Plaintiff's Motion re: E-Filing Privileges (Dkt. 8) is **DENIED** without prejudice.

DATED: July 17, 2025

Amanda K. Brailsford
U.S. District Court Judge