UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHERRY LYNN COLE,<br><br>    Plaintiff,<br><br>v.<br><br>PACIFIC CORP. d/b/a ROCKY<br>MOUNTAIN POWER and IDAHO<br>PUBLIC UTILITIES COMMISSION,<br><br>    Defendants. | Case No. 4:25-cv-00226-AKB<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

On July 17, 2025, the Court reviewed Plaintiff Sherry Cole's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) and her Amended Complaint (Dkt. 5). The Court concluded that it was clear from the face of the complaint that the Court lacked subject matter jurisdiction over the case because it appeared Cole sought relief from a final state court judgment, and the *Rooker-Feldman* doctrine applied to prevent Cole from using the federal court as a de facto appellate court (Dkt. 9 at 4). In the event that the Court misconstrued Cole's allegations, it gave her an opportunity to file an amended complaint within forty-five days (*id.* at 5).

Instead of filing an amended complaint, Cole filed a Petition for Judicial Review (Dkt. 13), which the Court construes as a motion for reconsideration of the Initial Review Order. For the reasons discussed below, the Court denies the motion and dismisses this case with prejudice.

## I.   ANALYSIS

The Initial Review Order was not a final order. Therefore, the Court considers Cole's motion under the Court's "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica*

**MEMORANDUM DECISION AND ORDER – 1**

*Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citation modified). Although courts have authority to reconsider prior orders, they "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)).

The Court does not find cause to reconsider its Initial Review Order. Cole's motion is simply a disagreement with the Court's determination that the *Rooker-Feldman* doctrine bars her claim—which is not a basis for reconsideration. Despite her conclusory assertion that her action "is not an appeal," but rather "a separate action for judicial review" (Dkt. 13 at 8), Cole fails to explain why her claim does not constitute a de facto appeal of the Idaho Supreme Court's judgment.

As previously explained, the *Rooker-Feldman* doctrine strips the Court of its subject matter jurisdiction when an action constitutes a "de facto appeal" of a prior state court judgment and raises a claim that is "inextricably intertwined" with that state court judgment. *Noel v. Hall*, 341 F.3d 1148, 1163–65 (9th Cir. 2003); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (holding *Rooker-Feldman* precludes adjudication where "the only redress [plaintiffs] seek is an 'undoing' of the prior state-court judgment"). "*Rooker–Feldman* looks to federal law to determine 'whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" *Bianchi*, 334 F.3d at 900 (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)). Therefore, the doctrine precludes review of all "state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id.* at 901; *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923).

**MEMORANDUM DECISION AND ORDER – 2**

Here, Cole seeks "judicial review" of whether Defendant Rocky Mountain Power's "sudden reversal of moneys that had been assigned to [her] account constitutes private right protections against seizure without due process of law."[1] This issue is the exact subject matter of Cole's action in state court—a fact she openly admits (*see* Dkt. 13 at 4) ("I appealed [c]onstitutionally against solely RMP to the Idaho Supreme Court."); (*id.* at 5) ("[The Idaho Supreme Court] denied [j]ury trial that is guaranteed by the 7th Amendment on any dispute over [$]20.00"). It is difficult to imagine what remedy the Court could award in this case that would not eviscerate the state court's judgment. Cole wants a jury trial and, of course, she wants a different result. As the Ninth Circuit noted in *Bianchi*, "[t]he integrity of the judicial process depends on federal courts respecting final state court judgments and rebuffing de facto appeals of those judgments to federal court." 334 F.3d at 902. The practical consequences of adopting Cole's view would open Pandora's box and undermine the essence of the *Rooker-Feldman* doctrine.

Cole separately argues that the Court has jurisdiction to adjudicate the State's denial of her Seventh Amendment right to a jury trial (Dkt. 13 at 14). According to Cole, the State "circumvented" her right to a jury trial via the administrative appeal process (*id.*). She further contends that "neither [the] States nor Congress can remove jurisdiction of [an] [A]rticle 3 court" (Dkt. 13 at 10) and that, under *SEC v. Jarkesy*, 603 U.S. 109 (2024), the Court must allow her to

---

[1]    It is immaterial that Cole frames her federal complaint as a constitutional challenge to the Idaho court's decisions, rather than as a direct appeal of those decisions. The *Rooker–Feldman* doctrine prevents lower federal courts from exercising jurisdiction over any claim that is "inextricably intertwined" with the decision of a state court, even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 (1983). Thus, *Rooker–Feldman* bars federal adjudication of any suit in which a plaintiff alleges an injury based on a state court judgment and seeks relief from that judgment, not only direct appeals from a state court's decision.

**MEMORANDUM DECISION AND ORDER – 3**

proceed to a jury trial (Dkt. 13 at 11). But the Seventh Amendment's civil jury trial right is not enforceable against the states. *Minneapolis & St. Louis R.R. Co. v. Bombolis*, 241 U.S. 211, 217 (1916). And *Jarkesy*—which addressed the right to a jury in federal civil proceedings for monetary relief—does not confer subject matter jurisdiction upon this Court. Indeed, the *Jarkesy* Court recognized that the Seventh Amendment applies only if a suit "is brought within the bounds of federal jurisdiction." 603 U.S. at 127.

For these reasons, Cole has not shown that the Court's Initial Review Order was clearly erroneous or that it will work a manifest injustice. Thus, the motion for reconsideration will be denied and the case dismissed.

## II.     ORDER

**IT IS ORDERED that:**

1.     Plaintiff Sherry Cole's Petition for Judicial Review (Dkt. 13) is **DENIED**. For the reasons stated in the Initial Review Order (Dkt. 9), this entire case is **DISMISSED WITH PREJUDICE**.

DATED: March 16, 2026

Amanda K. Brailsford
U.S. District Court Judge